**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
| | |
|---|---|
| RYAN O'DELL, | : |
| | : |
| Plaintiff, | : Civil Action No. 22-cv-9798 |
| | : |
| v. | : **COMPLAINT FOR VIOLATIONS OF** |
| | : **SECTIONS 14(a) AND 20(a) OF THE** |
| SEASPINE HOLDINGS CORPORATION, | : **SECURITIES EXCHANGE ACT OF** |
| KIRTLEY C. STEPHENSON, STUART M. | : **1934** |
| ESSIG, PH.D., KEITH BRADLEY, PH.D., | : |
| MICHAEL FEKETE, RENEE GAETA, JOHN | : **JURY TRIAL DEMANDED** |
| B. HENNEMAN, III, SHWETA SINGH | : |
| MANIAR, ANGELA STEINWAY, and | : |
| KEITH C. VALENTINE, | : |
| | : |
| Defendants. | : |

---------------------------------------------------------

Ryan O'Dell ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against SeaSpine Holdings Corporation ("SeaSpine or the "Company") the members SeaSpine's board of directors (the "Board" or the "Individual Defendants"), and Orthofix Medical Inc. and affiliates ("Orthofix" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between SeaSpine and Orthofix.

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on November 8, 2022 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Orca Merger Sub Inc. ("Merger Sub") will merge with and into SeaSpine, with SeaSpine surviving the merger and becoming a wholly owned subsidiary of Orthofix (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into on October 10, 2022 (the "Merger Agreement"), each SeaSpine stockholder will receive a fixed exchange ratio of 0.4163 shares of Orthofix common stock for each share of SeaSpine common stock owned on the closing date (the "Merger Consideration"). Following the consummation of the Proposed Transaction, Company shareholders will own 43.5% of Orthofix common stock outstanding and Orthofix shareholders will own 56.5% of Orthofix common stock.

3.      As discussed below, Defendants have asked SeaSpine's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, Piper Sandler & Co. ("Piper Sandler") in support of its fairness opinion.

4.      It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to SeaSpine's stockholders or, in the event the

Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because plaintiff resides in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of SeaSpine stock and has held such stocks since prior to the wrongs complained of herein.

10. Individual Defendant Kirtley C. Stephenson has served as a member of the Board since July 2015 and is the Chairman of the Board.

11. Individual Defendant Stuart M. Essig, Ph.D. has served as a member of the Board since June 2015.

12. Individual Defendant Keith Bradley, Ph.D. has served as a member of the Board since July 2015.

13. Individual Defendant Michael Fekete has served as a member of the Board since July 2015.

14. Individual Defendant Renee Gaeta has served as a member of the Board since February 2019.

15. Individual Defendant John B. Henneman, III has served as a member of the Board since July 2015.

16. Individual Defendant Shweta Singh Maniar has served as a member of the Board since April 2021.

17. Individual Defendant Angela Steinway has served as a member of the Board since December 2021.

18. Individual Defendant Keith C. Valentine has served as a member of the Board since May 2015 and is the President and Chief Executive Officer of the Company.

19. Defendant SeaSpine is a Delaware corporation and maintains its principal offices at 5770 Armada Drive, Carlsbad, California 92008. The Company's stock trades on the NASDAQ Global Select Market under the symbol "SPNE."

20. The defendants identified in paragraphs 10-18 are collectively referred to as the "Individual Defendants" or the "Board."

21. The defendants identified in paragraphs 10-19 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**A.    The Proposed Transaction**

22. SeaSpine, a medical technology company, focuses on the design, development, and commercialization of surgical solutions for the treatment of spinal disorders in the United States and internationally. It offers orthobiologics and spinal implant solutions for the neurosurgeons and orthopedic spine surgeons to perform fusion procedures in the lumbar, thoracic, and cervical spine. The Company's orthobiologics products include demineralized bone matrix (DBM), collagen

ceramic matrices, demineralized cancellous allograft bone products, and synthetic bone void fillers to improve bone fusion rates in a range of orthopedic surgeries, including spine, hip, and extremities procedures. It also offers orthobiologics products in various forms, such as fibers, putties, pastes, strips, and DBM. In addition, the Company offers implant products for spinal decompression, alignment, stabilization, and image-guided surgical solutions, as well as a surgical navigation system used to facilitate fusion in degenerative, minimally invasive, and complex spinal deformity procedures throughout the lumbar, thoracic, and cervical regions of the spine. SeaSpine was incorporated in 2015 and is headquartered in Carlsbad, California.

23. On October 11, 2022, the Company and Orthofix jointly announced the Proposed Transaction:

> LEWISVILLE, Texas & CARLSBAD, Calif.--(BUSINESS WIRE)--Oct. 11, 2022-- Orthofix (NASDAQ: OFIX), a global medical device company with a spine and orthopedics focus, and SeaSpine (NASDAQ: SPNE), a global medical technology company focused on surgical solutions for the treatment of spinal disorders, today announced they have entered into a definitive agreement to combine in an all-stock merger of equals.
>
> The combined company, to be named prior to the transaction's closing, will be a leading global spine and orthopedics company with highly complementary portfolios of biologics, innovative spinal hardware, bone growth therapies, specialized orthopedic solutions and a leading surgical navigation system. With products distributed in 68 countries world-wide, approximately 1,600 employees and a global R&D and manufacturing footprint, the new company would have revenues of approximately $693 million as of the twelve months ended September 30, 2022.
>
> Under the terms of the agreement, which was unanimously approved by the Boards of Directors of both companies, SeaSpine shareholders will receive 0.4163 shares of Orthofix common stock for each share of SeaSpine common stock owned. Following the close of the transaction, Orthofix shareholders will own approximately 56.5 percent of the combined company, and SeaSpine shareholders will

own approximately 43.5 percent of the combined company, respectively, on a fully diluted basis.

"This transaction significantly advances our mission to deliver innovative, quality-driven solutions that make us a partner of choice for surgeons in their work to improve patient mobility," said Jon Serbousek, Orthofix President and Chief Executive Officer. "The combined company's broad portfolio of technology, expanded commercial capabilities and ability to make greater investments in innovative solutions provide a clear roadmap for sustainable, top-tier growth and increased competitiveness across a broad spectrum of products and services. We look forward to capitalizing on this merger's tremendous value creation opportunities."

Keith Valentine, SeaSpine President and Chief Executive Officer, said, "This transaction brings together two complementary organizations to create an industry leader with the immediate financial strength to self-fund investments that deliver both growth and better patient outcomes. We are excited about the value we can create for the combined company's shareholders, the new opportunities opened for employees and our ability to now provide surgeons and hospital partners a complete procedural solution using cutting-edge technology at every level."

**Strategic and Financial Benefits of the Merger**

- **An industry leader in spine and orthopedics portfolios.** The combination of Orthofix's and SeaSpine's portfolios will create an innovative suite of offerings in growth segments of spine and orthopedics. The combined company's differentiated technologies will include: the M6-C™ artificial cervical disc, a next-generation artificial disc replacement alternative to spinal fusion; the FLASH™ Navigation System with 7D Technology, which is the only approved image guidance system that utilizes a novel and proprietary camera-based technology and machine-vision algorithms; the Fitbone™ platform, which includes the currently available intermedullary limb lengthening system; the under-development Fitspine™ scoliosis solution; and a comprehensive offering of advanced interbody devices featuring WaveForm® 3D and NanoMetalene® with Reef Topography™ technologies.

- **One of the industry's broadest biologics and regenerative technology offerings.** Together, the combined company's biologics portfolio will represent one of the broadest offerings available, extending the new company's reach to an even greater number of surgeons for use in spine and orthopedics procedures. These biologic solutions include the recently launched Virtuos™ Lyograft,

the first-of-its-kind, shelf-stable and complete autograft substitute; the market-leading Trinity™ Elite allograft; the best-in-class OsteoStrand® Plus and OsteoSurge® 300 demineralized bone matrix (DBM) products with patented Accell® Bone Matrix, and the future commercialization of Novosis™, a next generation rh-BMP-2 technology via our recent license agreement with CGBio.

The combined company's regenerative technologies will include the CervicalStim™ bone growth therapy device, the only FDA-approved PEMF system for cervical treatment; SpinalStim™ for spine fusion; PhysioStim™ for the treatment of nonunion fractures; and the recently launched AccelStim™ bone healing therapy.

- **Differentiated and synergistic enabling technologies.** The combined company will have a complementary portfolio of technologies that enables it to service the full continuum of surgical care from preoperative planning through surgical navigation. Flagship enabling technologies include the unique FLASH™ Navigation System with 7D Technology, which is designed to provide visibility during surgery to improve accuracy of screw placement and provide a cost-effective, rapid, radiation-free solution to surgical navigation, and the OrthoNext™ preoperative planning system.

- **Premier offering in high-growth pediatrics market.** The combined company will have a complementary portfolio of specialized hardware and enabling technologies, including specialized spine, limb deformity, limb reconstruction and software planning and imaging solutions, that enable it to service the full patient continuum of care for pediatric orthopedic surgeons. Currently an $800 million annual market, pediatrics is among the fastest growing markets in orthopedics.

- **Strengthened commercial reach in the United States and internationally.** With its broader product and services portfolio, increased resources and deep pipeline, the combined company will be able to attract and support larger, dedicated distribution partners. It will also be able to invest in direct sales representatives in select markets to engage even more surgeon users.

- **Revenue synergies, cost savings and economies of scale.** The companies have identified meaningful cross-selling revenue synergies as a result of cross-selling the complementary portfolios in the United States, the ability to sell SeaSpine's biologics and 7D technology into Orthofix's international established channels, the

greater breadth of bag to support large distributor conversions and increased product offerings per procedure.

In addition, the combination is expected to generate at least $40 million in annualized cost savings not including stock-based compensation within three years following the close of the transaction. Cost savings will be primarily from reductions in redundant overhead and public company costs as well as supply chain efficiencies. Working capital and capital expenditure efficiencies are expected to be driven through economies of scale via higher spinal implant set utilization.

- **Strong financial profile with enhanced opportunities for investment**. The transaction is expected to be accretive to Orthofix's standalone adjusted EBITDA by the second full year after close and is expected to be accretive to our existing return on invested capital after fully realizing synergies, including cost savings. The combined company's strong capital structure will allow it to self-fund certain investments intended to maximize growth potential, including organic and inorganic innovation initiatives, sales force expansion, and field inventory and instrumentation, without the need for equity financing.

**Leadership and Headquarters**

The combined company will be led by an experienced Board of Directors and leadership team that leverages the talent within both organizations.

Upon closing of the transaction, the combined company's Board of Directors will consist of nine directors, with five designated by Orthofix, including Lead Independent Director, and four designated by SeaSpine.

Jon Serbousek will serve as Executive Chairman of the Board, and Keith Valentine will serve as President and Chief Executive Officer and member of the Board. The remainder of the combined company's Board and leadership team will be named prior to closing and is expected to include representatives from both Orthofix and SeaSpine.

The combined company will be headquartered in Lewisville, Texas. This location will conduct general business, product development, medical education and manufacturing. The Company will retain primary offices in Carlsbad, CA, with a focus on spinal product innovation and surgeon education, and in Verona, Italy with an emphasis on product innovation, production, and medical education

for Orthopedics. Current facilities in Irvine, CA, Toronto, Canada, Sunnyvale, CA, Wayne, PA, Olive Branch, MS, Maidenhead UK, Munich, Germany, Paris, France and Sao Paulo, Brazil will also be retained.

**Timing and Approvals**

The transaction is expected to close in the first quarter of 2023, subject to approval by both companies' shareholders and customary closing conditions and regulatory approvals.

**Advisors**

Perella Weinberg Partners LP is serving as financial advisor to Orthofix, and Hogan Lovells US LLP is serving as its legal counsel. Piper Sandler & Co. is serving as financial advisor to SeaSpine, and DLA Piper LLP is serving as its legal counsel.

* * *

24.     The Board has unanimously agreed to the Proposed Transaction. It is therefore imperative that SeaSpine's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

B.      **The Materially Incomplete and Misleading Registration Statement**

25.     On November 8, 2022, SeaSpine and Orthofix jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction. The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to

vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

26. The Registration Statement fails to provide material information concerning financial projections by management and relied upon by the financial advisors in their analyses. The Registration Statement discloses management-prepared or management-approved financial projections for the Company and Orthofix which are materially misleading. The Registration Statement indicates that in connection with the rendering of their fairness opinion, that the management of Orthofix and SeaSpine prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and the financial advisors with forming a view about the stand-alone and pro forma valuations. Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that management provided to the Board and the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

27. For the Orthofix Projections, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2022 through 2031: Adjusted Gross Profit, Adjusted EBITDA, and Free Cash Flow, but fails to provide line items used to calculate this metric or a reconciliation of the non-GAAP metric to its most comparable GAAP measure, in direct violation of Regulation G and consequently Section 14(a).

28. For the SeaSpine Projections, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2022 through 2031: Adjusted Gross Profit, Adjusted EBITDA, and Unlevered Free Cash Flow, but fails to provide line items used to calculate this metric or a reconciliation of the non-GAAP metric to its most comparable GAAP measure, in direct violation of Regulation G and consequently Section 14(a).

29. For the SeaSpine Projections, which the Registration Statement states are "risk-adjusted", the Registration Statement also fails to disclose what those adjustments are.

30. When a company discloses non-GAAP financial measures in a Registration Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

31. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.

32. Thus, to cure the Registration Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measures to make the non-GAAP metric included in the Registration Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses for SeaSpine*

33. With respect to Piper Sandler's *Selected Public Companies Analysis – SeaSpine Standalone*, the Registration Statement fails to disclose the financial metrics and multiples of each company selected by Piper Sandler for the analysis.

34. With respect to Piper Sandler's *Selected Public Companies Analysis – Orthofix Standalone*, the Registration Statement fails to disclose the financial metrics and multiples of each company selected by Piper Sandler for the analysis.

35. With respect to Piper Sandler's *Contribution Analysis*, the Registration Statement fails to disclose the net cash of SeaSpine and Orthofix as of June 30, 2022.

36. With respect to Piper Sandler's *Discounted Cash Flow Analysis – SeaSpine Standalone*, the Registration Statement fails to disclose: (i) the projected terminal value for the Company at December 31, 2031; (ii) the inputs and assumptions underlying the range of perpetuity growth rates ranging from 3.5% to 5.0%; (iii) the inputs and assumptions underlying the discount rates ranging from 10.5% to 12.5% for SeaSpine; (iv) the Company's weighted average cost of capital.

37. With respect to Piper Sandler's *Discounted Cash Flow Analysis – Orthofix Standalone*, the Registration Statement fails to disclose: (i) the projected terminal value for Orthofix at December 31, 2031; (ii) the inputs and assumptions underlying the range of perpetuity

growth rates ranging from 2.0% to 3.5%; (iii) the inputs and assumptions underlying the discount rates ranging from 9.2% to 11.2% for Orthofix; (iv) Orthofix's weighted average cost of capital.

38. With respect to Piper Sandler's *Has/Gets Analysis*, the Registration Statement fails to disclose: (i) the projected unlevered after-tax free cash flows from July 1, 2022 to December 31, 2031 for the combined company; (ii) the projected terminal value for the combined company at December 31, 2031; (iii) the inputs and assumptions underlying the range of perpetuity growth rates ranging from 2.65% to 4.15%; (iv) the inputs and assumptions underlying the discount rates ranging from 8.7% to 10.7% for the combined company; (v) the combined company's estimated weighted average cost of capital; (vi) the estimated net debt of SeaSpine and Orthofix; and (vii) the diluted share information for each of SeaSpine and Orthofix.

39. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement

which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

42. Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

43. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

44. Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately

involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

45. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of SeaSpine within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of SeaSpine, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of SeaSpine, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of SeaSpine, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

50. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

53. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: November 17, 2022                                **MELWANI & CHAN LLP**

By: */s/ Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas, 8th Fl.
New York, NY 10036
Telephone: (212) 382-4620
Email: gloria@melwanichan.com

*Attorneys for Plaintiff*